# EXHIBIT A

# Part 1 of 2

Visionquest        Fax:5208813269        Apr  3 2009 12:43pm  P005/006

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                    Plaintiff,

v.

VISIONQUEST, INC., an Arizona
Corporation,

                    Defendant.

CIVIL DIVISION

NO.: 273-2009

TYPE OF PLEADING:

**PRAECIPE FOR WRIT OF SUMMONS**

FILED ON BEHALF OF PLAINTIFF

COUNSEL OF RECORD FOR THIS PARTY:

ROLF LOUIS PATBERG, ESQUIRE
PA I.D. NO.: 65185

PATBERG, CARMODY & GING
DEUTSCHTOWN CENTER
801 VINIAL STREET - THIRD FLOOR
PITTSBURGH, PA 15212
(412) 232-3500

**JURY TRIAL DEMANDED**

Visionquest          Fax:5208813269          Apr  3 2009 12:43pm  P006/006

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,                        ) CIVIL DIVISION
                                     )
              Plaintiff,             ) NO.:
                                     )
       v.                            )
                                     )
VISIONQUEST,   INC.,   an   Arizona  )
Corporation,                         )
                                     )
              Defendant.             ) **JURY TRIAL DEMANDED**

**PRAECIPE FOR WRIT OF SUMMONS**

TO:   PROTHONOTARY

Please issue a Writ of Summons in the above-captioned matter.  A Jury Trial is demanded.

                    RESPECTFULLY SUBMITTED:

                    PATBERG, CARMODY & GING

DATE: 3-3-09        By _____
                    Rolf Louis Patberg, Esquire
                    PA I.D. No. 65185

                    Patberg, Carmody & Ging
                    Deutschtown Center
                    801 Vinial Street - Third Floor
                    Pittsburgh, PA 15212
                    (412) 232-3500

                    Attorney for Plaintiff.

**JURY TRIAL DEMANDED**

Visionquest                Fax:5208813269          Apr 23 2009 01:22pm  P002/004

```
                                    FILED
                              COMMON PLEAS COURT
                              VENANGO COUNTY, PA

                              2009 APR -6  PM 12: 21

                              PEGGY L. MILLER
                              PROTHONOTARY AND
                              CLERK OF COURTS
```

## IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| JOSEPH VANCE, | CIVIL DIVISION |
| Plaintiff, | NO.: 273 of 2009 |
| v. | TYPE OF PLEADING: |
| VISIONQUEST, INC., an Arizona Corporation, | **PRAECIPE TO REISSUE WRIT OF SUMMONS** |
| Defendant. | FILED ON BEHALF OF PLAINTIFF |

COUNSEL OF RECORD FOR THIS PARTY:

ROLF LOUIS PATBERG, ESQUIRE
PA I.D. NO.: 65185

PATBERG, CARMODY & GING
DEUTSCHTOWN CENTER
801 VINIAL STREET - THIRD FLOOR
PITTSBURGH, PA 15212
(412) 232-3500

**JURY TRIAL DEMANDED**

Visionquest          Fax:5208813269          Apr 23 2009 01:22pm   P003/004

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

**COMMON PLEAS COURT
FILED
VENANGO COUNTY, PA
2009 APR -6 PM 12: 21
PEGGY L. MILLER
PROTHONOTARY AND
CLERK OF COURTS**

| | |
|---|---|
| JOSEPH VANCE, | ) CIVIL DIVISION |
| Plaintiff, | ) |
| | ) NO.: 273 of 2009 |
| v. | ) |
| | ) |
| VISIONQUEST, INC., an Arizona Corporation, | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**RECEIVED
SHERIFF'S OFFICE
CHESTER COUNTY, PA.
2009 APR 17 PM 2: 44**

## PRAECIPE TO REISSUE WRIT OF SUMMONS

TO:   PROTHONOTARY

Please reissue the Writ of Summons in the above-captioned matter.  A Jury Trial is demanded.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: _4 - 3 - 09_

By _____
Rolf Louis Patberg, Esquire
PA I.D. No. 65185

Patberg, Carmody & Ging
Deutschtown Center
801 Vinial Street - Third Floor
Pittsburgh, PA 15212
(412) 232-3500

Attorney for Plaintiff.

## JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certifies that a true and correct copy of the foregoing

Praecipe to Reissue Writ of Summons was forwarded this ___ day of April, 2009 via postage

prepaid United States Mail to the following:

Vision Quest National, Ltd.
600 North Swan Road
Tucson, AZ 85711

Vision Quest National, Ltd.
352 Marshallton-Thorndal Road
Downingtown, PA 19335

Rolf Louis Patberg, Esquire



FILED
COMMON PLEAS COURT
VENANGO COUNTY, PA
2009 APR 27  PM 12: 42
PEGGY L. MILLER
PROTHONOTARY AND
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

JOSEPH VANCE,

                Plaintiff,

          v.

VISIONQUEST NATIONAL, LTD.,

                Defendant.

CIVIL DIVISION

NO. 273 Of 2009

**PRAECIPE FOR RULE TO FILE COMPLAINT**

Filed on behalf of: Defendant VisionQuest National, Ltd.

Counsel of Record for this Party:

Gregory A. Miller *(PA 69807)*
gregory.miller@bipc.com

Erin J. McLaughlin *(PA 202044)*
erin.mclaughlin@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Phone:  412-562-3960/392-2090
Fax:  (412) 562-1041

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                    Plaintiff,

                                        NO. 273 of 2009

          v.

VISIONQUEST NATIONAL, Ltd.,

                    Defendant.


## PRAECIPE FOR RULE TO FILE COMPLAINT

TO THE PROTHONOTARY:

        Kindly issue a Rule upon the Plaintiff directing him to file a complaint in the above-

captioned action.

                                        BUCHANAN INGERSOLL & ROONEY PC

                              By _____
                                        Gregory A. Miller *(PA 69807)*
                                        gregory.miller@bipc.com
                                        Erin J. McLaughlin *(PA 202044)*
                                        erin.mclaughlin@bipc.com

                                        BUCHANAN INGERSOLL & ROONEY PC
                                        One Oxford Centre
                                        301 Grant Street, 20th Floor
                                        Pittsburgh, PA  15219
                                        Phone:  412-562-3960/392-2090
                                        Fax:  (412) 562-1041

                                        Attorneys for Defendant VisionQuest
                                        National, Ltd.

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                Plaintiff,

                              NO. 273 of 2009

      v.

VISIONQUEST NATIONAL, Ltd.,

                Defendant.

## RULE TO FILE COMPLAINT AGAINST JOSEPH VANCE

AND NOW, this _____ day of _____, 2009, a Rule is hereby granted upon Plaintiff to file a Complaint within twenty (20) days of service hereof or suffer the entry of a Judgment Non Pros.

                                              _____

                                              PROTHONOTARY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Praecipe for Rule to File

Complaint was served upon the following counsel of record by United States mail, first class,

postage prepaid, on this 24th day of April, 2009:

Rolf Louis Patberg
Deutschtown Center
801 Vinial Street – Third Floor
Pittsburgh, PA  15212

Erin J. McLaughlin

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                    Plaintiff,

v.

VISIONQUEST, INC., an Arizona
Corporation,

                    Defendant.

**JURY TRIAL DEMANDED**

CIVIL DIVISION

NO.: 273 of 2009

TYPE OF PLEADING:

**EMERGENCY MOTION TO AMEND CAPTION**

FILED ON BEHALF OF PLAINTIFF

COUNSEL OF RECORD FOR THIS PARTY:

ROLF LOUIS PATBERG, ESQUIRE
PA I.D. NO.: 65185

PATBERG, CARMODY & GING
DEUTSCHTOWN CENTER
801 VINIAL STREET - THIRD FLOOR
PITTSBURGH, PA 15212
(412) 232-3500

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| JOSEPH VANCE, | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) NO.: 273 of 2009 |
| | ) |
| v. | ) |
| | ) |
| VISIONQUEST,  INC.,  an  Arizona | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**NOTICE TO OPPOSING COUNSEL**

YOU ARE HEREBY NOTIFIED THAT THE ATTACHED MOTION WILL BE FILED ON APRIL 6, 2009.

Case No.: 273 of 2009

Type of Motion:      Motion to Amend Caption

Filed on behalf of:    Joseph Vance, Plaintiff

**CERTIFICATE OF NOTICE AND SERVICE**

The undersigned represents that a true and correct copy of this Motion and Proposed Order have been served on all parties by Federal Express.

If by First Class Mail, notice will be at least seven (7) business days before filing.  If by Fax or Hand Delivery, notice will be at least five (5) business days before filing.

**INFORMATION FOR COURT ADMINISTRATOR**

Has a Judge heard any matter previously in this case?      ( ) Yes      ( x ) No

If yes, which Judge?   ( ) Judge Oliver Lobaugh  ( ) President Judge H. William White
( x ) Other - Unknown

Name of opposing counsel, if known: Unknown

Counsel for Movant is unavailable for argument on the Motion on the following dates:

_____

Visionquest          Fax:5208813269          Apr  6 2009 11:33am  P005/012

## MOTION CERTIFICATION

Counsel does hereby certify that counsel has not conferred with opposing counsel.

Date:   4-3-09

Rolf Louis Patberg, Esquire
PA I.D. No. 65185
Attorney for Movant

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| JOSEPH VANCE, | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) NO.: 273 of 2009 |
| | ) |
| v. | ) |
| | ) |
| VISIONQUEST, INC., an Arizona Corporation, | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**EMERGENCY MOTION TO AMEND CAPTION**

AND NOW, comes the Plaintiff, Joseph Vance, by and through his attorneys, Rolf Louis Patberg, Esquire, and the law firm of Patberg, Carmody & Ging, and files the foregoing Motion to Amend Caption and in support thereof avers as follows:

1. The above-captioned matter arises from the employment of Joseph Vance by the Defendant in its Venango County location.

2. The above-captioned matter was originally filed against Visionquest, which apparently is the trade name for VisionQuest National, Ltd.

3. The Defendant operates nationwide youth facilities.

4. Defendant was served on March 30, 2009 at its headquarters in Arizona.

5. It appears that the Defendant is also known as VisionQuest National, Ltd.

6. It appears that the proper corporate name is VisionQuest National, Ltd.

7. Therefore, Plaintiff requests this Honorable Court allow him to amend the caption to name VisionQuest National, Ltd. in conformance with the attached Order.

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue and Order

substantially in the form attached hereto.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: _4 - 3 - 09_          By _____

Rolf Louis Patberg, Esquire
PA I.D. No. 165185

Patberg, Carmody & Ging
Deutschtown Center
801 Vinial Street – Third Floor
Pittsburgh, PA 15212
(412) 232-3500

Attorney for Plaintiff.

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,                         ) CIVIL DIVISION
                                      )
              Plaintiff,              ) NO.: 273 of 2009
                                      )
v.                                    )
                                      )
VISIONQUEST,   INC.,   an   Arizona   )
Corporation,                          )
                                      )
              Defendant.              ) **JURY TRIAL DEMANDED**

**ORDER OF COURT**

AND NOW, to-wit, this _____ day of _____, 2009, it is hereby

ORDERED, DECREED and ADJUDGED that the Plaintiff's Motion to Amend Caption is

**GRANTED.** The caption shall be amended as follows:

JOSEPH VANCE,                         ) CIVIL DIVISION
                                      )
              Plaintiff,              ) NO.: 273 of 2009
                                      )
v.                                    )
                                      )
VISIONQUEST  NATIONAL,  LTD.,  a/k/a  )
VISIONQUEST,                          )
                                      )
              Defendant.              ) **JURY TRIAL DEMANDED**

Said amendment of caption shall relate back to the date of filing of March 4, 2009.

BY THE COURT:

_____ J.

Visionquest        Fax:5208813269        Apr  6 2009 11:34am P009/012

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certifies that a true and correct copy of the foregoing

Motion to Amend Caption was forwarded this __3__ day of April, 2009 via postage prepaid United

States Mail to the following:

Vision Quest National, Ltd.
600 North Swan Road
Tucson, AZ 85711

Vision Quest National, Ltd.
352 Marshallton-Thorndal Road
Downingtown, PA 19335

Rolf Louis Patberg, Esquire

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| JOSEPH VANCE, | CIVIL DIVISION |
| Plaintiff, | NO.: 273 of 2009 |
| v. | TYPE OF PLEADING: |
| VISIONQUEST, INC., an Arizona Corporation, | **REPLY TO MOTION FOR PROTECTIVE ORDER TO PROHIBIT PRE-COMPLAINT DISCOVERY** |
| Defendant. | FILED ON BEHALF OF PLAINTIFF |
| | COUNSEL OF RECORD FOR THIS PARTY: |
| | ROLF LOUIS PATBERG, ESQUIRE PA I.D. NO.: 65185 |
| **JURY TRIAL DEMANDED** | PATBERG, CARMODY & GING DEUTSCHTOWN CENTER 801 VINIAL STREET - THIRD FLOOR PITTSBURGH, PA 15212 (412) 232-3500 |

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| JOSEPH VANCE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | NO.:  273 of 2009 |
| | ) | |
| v. | ) | |
| | ) | |
| VISIONQUEST,  INC.,  an  Arizona | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## REPLY TO MOTION FOR PROTECTIVE ORDER TO PROHIBIT PRE-COMPLAINT DISCOVERY

AND NOW, comes the Plaintiff, by and through his counsel, Rolf Louis Patberg, Esquire, and the law firm of Patberg, Carmody & Ging, and files the foregoing Reply to Motion for Protective Order to Prohibit Pre-Complaint Discovery and in support thereof avers as follows:

1.    The averments of paragraph 1 are admitted.

2.    The averments of paragraph 2 are admitted.

3.    The averments of paragraph 3 are admitted.

4.    The averments of paragraph 4 are admitted.

5.    The averments of paragraph 5 are denied.  The request for discovery and pleadings in this matter are expressly required in order to properly prepare Complaints in this case.  As contemplated by the Pennsylvania Rules of Civil Procedure, the Plaintiffs have provided an extensive introductory statement explaining the nature and extent of the anticipated allegations in the case.

6.    The averments of paragraph 6 are admitted.

7.      The averments of paragraph 7 are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the portions that are within quotations of paragraph 7 appear to accurately reflect Pennsylvania Rule of Civil Procedure 4003.8.

8.      The averments of paragraph 8 are partially admitted.  First, the Plaintiff has established that he requires the information regarding Vision Quest to properly prepare the Complaint. For example, the Plaintiff requested a copy of his personnel file, which was denied by the Defendant. Second, the request described, in detail, the nature and anticipated extent of the claim.

9.      The averments of paragraph 9 are specifically denied.  The precise reasons and circumstances surrounding his termination are set forth in his personnel file, which the Defendant has refused to produce.

10.     The averments of paragraph 10 are denied. An extensive introductory statement is set forth.

11.     Plaintiff's discovery requests speak for themselves.  A true and correct copy is attached as Exhibit A.

12.     The averments of paragraph 12 are denied. The specific information will, in fact, advance the Plaintiff's preparation of the Complaint, as this is information within the exclusive province of the Defendant.

13.     The averments of paragraph 13 are specifically denied. The purpose of the Writ of Summons was to toll the statute of limitations for the whistle blower/wrongful termination claims. By statute, the statute of limitations on such a claim is six (6) months under the Pennsylvania Whistle Blower Law, 43 P.S. §1421. The Defendants, since this time, have ruled the Plaintiff to file a Complaint. As such, in order to meet the statutory requirement to make the claim timely, it is necessary that the Plaintiff receive said information.

14.     The averments of paragraph 14 are denied.

15.     For the reasons set forth in the herein Reply and the Defendant's prior refusal to produce the personnel file, Plaintiff is entitled to Pre-Complaint Discovery.

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue an Order denying the Defendant's Motion for Protective Order.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: 5-26-09

By _____
Rolf Louis Patberg, Esquire
PA I.D. No. 65185

PATBERG, CARMODY & GING
Deutschtown Center
801 Vinial Street - Third Floor
Pittsburgh, PA 15212
(412) 232-3500

Attorney for Plaintiff.

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certifies that a true and correct copy of the foregoing

Reply to Motion for Protective Order was forwarded this 26ᵗʰ day of May, 2009 via Facsimile and

E-Mail to the following:

Erin J. McLaughlin, Esquire
One Oxford Centre - 20ᵗʰ Floor
301 Grant Street
Pittsburgh, PA 15219
Facsimile: 562-1041
E-mail:  erin.mclaughlin@bipc.com

Rolf Louis Patberg, Esquire

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

| | |
|---|---|
| JOSEPH VANCE, | CIVIL DIVISION |
| Plaintiff, | NO. 273 Of 2009 |
| v. | **PRAECIPE TO BE PLACED ON ARGUMENT LIST** |
| VISIONQUEST NATIONAL, LTD., | |
| Defendant. | Filed on behalf of: Defendant VisionQuest National, Ltd. |

Counsel of Record for this Party:

Gregory A. Miller *(PA 69807)*
gregory.miller@bipc.com

Erin J. McLaughlin *(PA 202044)*
erin.mclaughlin@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Phone:  412-562-3960/392-2090
Fax:  (412) 562-1041

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                    Plaintiff,

                                       NO. 273 of 2009

       v.

VISIONQUEST NATIONAL, Ltd.,

                    Defendant.

## **PRAECIPE TO BE PLACED ON ARGUMENT LIST**

TO THE PROTHONOTARY:

    Kindly place the Defendant's Motion for Protective Order to Prohibit Pre-Complaint

Discovery in the above-captioned matter on the next available argument list scheduled for

May 27, 2009.

                                     BUCHANAN INGERSOLL & ROONEY PC

                                     By _____

                                       Gregory A. Miller *(PA 99807)*
                                     gregory.miller@bipc.com
                                     Erin J. McLaughlin *(PA 202044)*
                                     erin.mclaughlin@bipc.com

                                     BUCHANAN INGERSOLL & ROONEY PC
                                     One Oxford Centre
                                     301 Grant Street, 20th Floor
                                     Pittsburgh, PA  15219
                                     Phone:  412-562-3960/392-2090
                                     Fax:  (412) 562-1041

                                     Attorneys for Defendant VisionQuest
                                     National, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Praecipe to be Placed on Argument List was served upon the following counsel of record by United States mail, first class, postage prepaid, on this 28th day of April, 2009:

Rolf Louis Patberg
Deutschtown Center
801 Vinial Street - Third Floor
Pittsburgh, PA  15212

_____
Erin J. McLaughlin

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

VANCE JOSEPH
                VERSUS
_ISIONQUEST NATIONAL LTD A/K/A                          CIVIL ACTION
  VISIONQUEST

                                No. 2009-00273

                                          RULE TO FILE COMPLAINT

                        To:
                         VANCE JOSEPH
                             ,


                        You are ruled to file Complaint within 20

                        days after Service of Rule or suffer the

                        entry of the Judgment of Non Pros.'

                                        *Peggy L. Miller*

                              Peggy L. Miller, PROTHONOTAR


                              _____

                                                      , DEPUT


                        Date:   4/27/2009

                        Plaintiff Attorney PATBERG ROLF LOUIS




                        _____ Service of the foregoing Rul

                        is hereby accepted _____
                                             Attorney



IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

JOSEPH VANCE,

                    Plaintiff,

           v.

VISIONQUEST NATIONAL, LTD.,

                  Defendant.

CIVIL DIVISION

No. 273 of 2009

**MOTION FOR PROTECTIVE ORDER
TO PROHIBIT PRE-COMPLAINT
DISCOVERY**

Filed on behalf of: Defendant VISIONQUEST
National, Ltd.

Counsel of Record for this Party:

Gregory A. Miller *(PA 69807)*
gregory.miller@bipc.com

Erin J. McLaughlin *(PA 202044)*
erin.mclaughlin@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Phone:  412-562-3960/392-2090
Fax:  (412) 562-1041

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                    Plaintiff,

                                        No. 273 of 2009

        v.

VISIONQUEST NATIONAL, LTD.,

                    Defendant.

### MOTION FOR PROTECTIVE ORDER
### TO PROHIBIT PRE-COMPLAINT DISCOVERY

AND NOW, comes the Defendant, VisionQuest National, Ltd, ("VisionQuest") by and through its attorneys, BUCHANAN INGERSOLL & ROONEY PC, and files this Motion For Protective Order To Prohibit Pre-Complaint Discovery, and in support thereof avers as follows:

1.      Plaintiff filed a Praecipe for Writ of Summons in the above-captioned case on March 5, 2009.

2.      Plaintiff also filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") alleging age discrimination on or about April 3, 2009.

3.      To date, Plaintiff has not filed a complaint in the above-captioned case.

4.      On April 7, 2009, Plaintiff, seeking pre-complaint discovery, served VisionQuest with Plaintiff's First Set of Interrogatories and Requests for Production of Documents, a copy of which is attached as Exhibit A (the "Discovery Requests").[1]

5.      A review of the discovery requests reveals that they are no different than standard, post-complaint discovery requests. As such, this discovery is unwarranted until a Complaint is filed and the pleadings are closed.

---

[1] VisionQuest, however, did not receive Plaintiff's First Set of Interrogatories and Requests for Production of Documents until April 13, 2009.

6.      In the Discovery Requests, Plaintiff states that "the above-captioned matter is a Whistle Blower/Wrongful Termination/possible Discrimination claim by the Plaintiff."  Exhibit A, p. 1.

7.      Under Pennsylvania law, a plaintiff who has merely filed a writ of summons is only permitted to seek "pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable, annoyance, embarrassment, oppression, burden or expense to any person or party."  Pa.R.Civ.P. 4003.8(a).

8.      A plaintiff seeking pre-complaint discovery must meet two requirements: (1) he is required to aver that but for the discovery request, he will be unable to formulate a legally sufficient pleading; and (2) he must describe with reasonable detail the materials sought, and state with particularity probable cause for believing the information will materially advance his pleading.  *McNeil v. Jordan*, 894 A.2d 1260, 1278 (Pa. 2006).  Plaintiff in this case cannot meet either requirement.

9.      The information Plaintiff seeks in the Discovery Requests is not necessary to the filing of a complaint containing whistle blower, wrongful termination and discrimination claims.  Such claims can be asserted based on Plaintiff's knowledge of his employment history and the circumstances surrounding his separation therefrom.

10.     Additionally, Plaintiff has not described how the materials sought will materially advance his pleading - because it won't.

11.     Plaintiff's Discovery Requests request information such as:

- The identity of all witnesses who spoke with Plaintiff concerning any deficiencies in his work performance;

2

- Any statements attributed to witnesses who spoke with Plaintiff concerning his work performance;

- Copies of all employee benefit plans, summaries, employee handbooks, and policies/procedures in effect at the time of Plaintiff's termination;

- Information related to prior age discrimination claims and lawsuits asserted against VisionQuest;

- A full roster of all individuals employed by VisionQuest as of Plaintiff's separation;

- Information regarding reportable incidents under Title 55 of the Pennsylvania Code; and

- Other information concerning VisionQuest's policies.

*See* Exhibit A.

12.     This information, while possibly relevant to Plaintiff's claims after sufficiently plead in a complaint, will not materially advance Plaintiff's preparation of his complaint.

13.     Moreover, this Court should not permit Plaintiff discovery on claims that are currently before the PHRC.  Permitting such discovery, would enable Plaintiff to circumvent the administrative process required by both the Pennsylvania Human Relations Act and the Age Discrimination in Employment Act and would force VisionQuest to respond to the PHRC's investigation requests, as well as Plaintiff's Discovery Requests on the same claim(s).

14.     Accordingly, the Plaintiff's Discovery Requests are unduly burdensome and creates an undue expense.

15.     Because Plaintiff is not entitled to pre-complaint discovery in this case, Defendant moves for a protective order to prohibit pre-complaint discovery pursuant to Pa.R.C.P. 4003.8.

WHEREFORE Defendants respectfully request this Honorable Court to enter an Order granting Defendants Motion For Protective Order To Prohibit Pre-Complaint Discovery in accordance with Pa.R.C.P. 4003.8.

Respectfully Submitted,

Gregory A. Miller *(PA 69807)*
gregory.miller@bipc.com
Erin J. McLaughlin *(PA 202044)*
erin.mclaughlin@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Phone:  412-562-3960/392-2090
Fax:  (412) 562-1041

Attorneys for Defendant
VisionQuest National, Ltd.

4

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

          Plaintiff,

v.

VISIONQUEST, INC., an Arizona
Corporation,

          Defendant.

CIVIL DIVISION

NO.:  273 of 2009

TYPE OF PLEADING:

**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT**

FILED ON BEHALF OF PLAINTIFF

COUNSEL OF RECORD FOR THIS PARTY:

ROLF LOUIS PATBERG, ESQUIRE
PA I.D. NO.: 65185

PATBERG, CARMODY & GING
DEUTSCHTOWN CENTER
801 VINIAL STREET - THIRD FLOOR
PITTSBURGH, PA 15212
(412) 232-3500

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| JOSEPH VANCE, | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) NO.:  273 of 2009 |
| | ) |
| v. | ) |
| | ) |
| VISIONQUEST, INC., an Arizona Corporation, | ) |
| | ) |
| Defendant. | ) **<u>JURY TRIAL DEMANDED</u>** |

## <u>FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT</u>

AND NOW, comes the Plaintiffs, by and through their attorney, Rolf Louis Patberg, Esquire and Patberg, Carmody & Ging and files the foregoing First Set of Interrogatories and Request for Production of Documents Directed to Defendant, its attorneys, investigators, the representatives pursuant to the Pennsylvania Rules of Civil Procedure requesting that the Interrogatories be fully answered in writing and under oath, within thirty (30) days of service hereto and that the documents requested be produced at the offices of Patberg, Carmody & Ging, 801 Vinial Street - Third Floor, Pittsburgh, PA 15212.

## <u>INTRODUCTORY STATEMENT</u>

Pursuant to the Pennsylvania Rules of Civil Procedure 4003.8, the above-captioned matter is a Whistle Blower/Wrongful Termination/possible Discrimination claim by the Plaintiff, who was a former employee at VisionQuest.  The Plaintiff, Joseph Vance, is an adult individual with a Master's Degree and an Education Specialist Degree, who worked last as a Chief at the Buffalo Soldier Academy at VisionQuest.

Plaintiff intends to make claims for wrongful termination, wage, and hour violations, under the Pennsylvania Whistleblower Law and such other claims arising from his termination.

Specifically, the Plaintiff is seeking information to prepare a Complaint in this matter to establish his wrongful termination, which occurred in November 2008. Plaintiff seeks information, including information from his personnel file, documented markings, performance evaluations, and such other specific information as is mentioned in the herein discovery requests for the purposes of obtaining discovery in this case.

Plaintiff certifies that the information herein is material and necessary to the filing of the Complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense as to the Defendant, as contemplated by Pa. R.C.P. 4003.8(a).

The discovery in this matter will materially advance the preparation of the Complaint, as Plaintiff does not have access to the requested information and such information is necessary and pertinent to allegations of wrongful termination and violations of the Pennsylvania Whistleblower Law, 43 P.S. §1421 et seq.

## INSTRUCTIONS AND DEFINITIONS

1)  In responding, you are to provide the answers to each document request or subsection thereof.  If there is insufficient space, attach supplemental pages for the answers.

2)  Each reply to Request for Production Documents and part thereof shall identify the specific document and part thereof to which it responds.

3)  If you object to any Request, state the objection in the manner prescribed by the Pennsylvania Rules of Civil Procedure and the Local Rules of Court for the Court of Common Pleas of Allegheny County, Pennsylvania.

4)  These Document Requests are deemed to be continuing, with supplemental responses signed and under oath required in the event you discover or come into possession any additional documents after the date of your prior response.

5) Except as otherwise specified, all defined terms, whether or not capitalized, shall be construed in accordance with the Definitions provided in these "Instructions and Definitions".

6) Time period: These Documents Requests are deemed to be construed to cover the period of January 1, 1985 to the present.

7)  The term "Plaintiff" means the Plaintiff and each, any and every agent or representative of the Plaintiff.

8)  The term "Defendant" means the Defendant and each, any and every agent or representative of the Defendant.

9) The term "document" means all and any kind or printed, typed, recorded, written, graphic or photographic matter (including audio and/or video tape recordings), however printed, produced, reproduced, kept or stored, of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including

without limitation: papers; books; accounts; magazines; statements; orders; order forms; letters; photographs; drawings; sketches; blue prints; specifications; correspondence; telegraphs; cable; telex messages; memoranda; notes; notations; workpapers; routing slips; interoffice and intraoffice communication; intradepartmental and interdepartmental communication; communications to, between or among directors, officers, agents or employees; transcripts; minutes; reports; recordings of telephone or other conversations; or of interviews, conferences, committee meetings, or other meetings; affidavits; summaries; opinions; entices; studies; analysis; forecast; projections; evaluations; contracts; licenses; agreements; notebooks; entries; ledgers; journals; books of record or account; summaries of accounts; balance sheets; income statement; audited workpapers; tax records and workpapers; questionnaires; answers to questionnaires; statistical records; catalogs; advertisement; brochures; circulars; appointment books; diaries; telephone logs; expense accounts; lists; test results; tabulations; charts; graphs; mats; surveys; sound and/or video recordings; data sheets; computer tapes and disks; magnetic tapes; punch cards; computer printouts; data processing input and output; computer files; computer programming; computer program coding sheets; microfilm. microfiche; all other records kept by electronic, photographic or mechanical means; and anything similar to and any of the foregoing regardless of their author or origin, or any kind, however denominated.

  10) The term "document" does not include any pleadings already served upon a Defendant it does not include any documents already sent by the Plaintiff.

  11) The term "identify" with regard to a document means to set forth such information as is necessary to identify the document with particularity, including, but not limited to, a statement of the date of the document, the type of documents, the identity of the authors, addresses, and any other persons to whom the documents was shown or distributed, any filing or identifying number, and the present or last known location and/or custodian thereof.

12)  The term "identify" with regard to a person means to supply that person's full name, last known residence address, telephone number, last known business address, company affiliation, title and business telephone number.

13)  All company's names appearing in this discovery request includes the company named in the Request, that company under any other name but which it is or has been known, and it predecessors and successors under any name.

1.     Please identify the names, employer, and addresses of all witnesses who Defendant knows spoke with Plaintiff concerning any deficiencies in his work performance from January 1, 2006 until his termination.  Please also state the nature and content of said discussion and date of the same.

2.     As to each person named in Answer to Interrogatory Number 1, please state whether you have a statement in your possession given by or attributed to any such person whether signed, unsigned, adopted or approved by any of them.  If so, please attach said statements.

3.    Please produce copies of all employee benefit plans, summaries, employee handbook and Defendant's employment polices/procedures which were in effect at the time of Plaintiff's termination.

4.    Has the Defendant ever been sued by a former employee for alleged discrimination or violation of the Age Discrimination in Employment Act or corresponding state statute prohibiting discrimination?

5.    If the Answer to the prior Interrogatory is in the affirmative, indicate the following:

    a.    The name or names of any attorney who represented the Plaintiff with respect to such claim or suit;

    b.    The person, persons, firm, or firms against whom such claim or suit was filed and their insurance carrier or carriers; and

    c.    If suit was actually filed, indicate the Court in which suit was filed and the number and the term or other Court designation of the case or cases.

6.    Please produce a copy of each and every correspondence by or between Joseph Vance, on the one hand, and any representative of the Defendant, on the other hand, concerning Vance's employment.

7.    Did the Defendant ever receive any complaints concerning Plaintiff's work performance?  If so, please identify the date, nature and author of said complaint and, if written, produce a copy of the same.

8.    Please produce a full and complete roster of all individuals employed by the Defendant as of the date of the Plaintiff's firing.

9.    Please produce the full personnel file, with all documentation regarding the hiring transferring, termination, discipline, work evaluations, job performance evaluations, or such other evaluative documents including, but not limited to, the personnel file, human resources file, supervisor file, private supervisor file, employee file, computer filings and documentation, or any other such documentation for Joseph Vance.

10.     Please produce full and complete copies of each and every document in your care, custody and control, including internal memos, correspondences, employment records, human resource records, supervisor evaluations, or any other such documentation that refers or relates to Joseph Vance's complaints of staff ratio violations as contemplated by Title 55 of the Pennsylvania Code from January 1, 2007 onward, as well as complaints by any other employee of the Defendant.

11.     Does the Defendant have written policies concerning staffing ratios in place at its Venango County facility as contemplated by Title 55 of the Pennsylvania Code.  If so, please produce copies of the same.

12.     Did the Defendant have written policies and procedures in place as contemplated by 55 Pa. Code §3800.16(b) from January 1, 2007 through November 2008?  If so, please produce a copy of the same.

13.     Did the Defendant have any reportable incidents as contemplated by 55 Pa. Code §3800.16(a) from January 1, 2007 through November 2008 at its Venango County facility?  If so, did the Defendant report the same to an appropriate governmental agency?

14.     If the answer to the preceding discovery request is in any way in the affirmative, please produce any and all such documentation that refers or relates to the same.

15.     As of 2008, did the Defendant have a policy in place pertaining to child care supervisors as contemplated and/or referred to by 55 Pa. Code §3800.54?  If so, please produce a copy of the same.

16.    As of 2008, did the Defendant have a policy in place pertaining to child care supervisors as contemplated and/or referred to by 55 Pa. Code §3800.55?  If so, please produce a copy of the same.

17.    As of 2008, did the Defendant have a policy in place pertaining to child care supervisors as contemplated and/or referred to by 55 Pa. Code §3800.57?  If so, please produce a copy of the same.

If portions of the Answers to these Interrogatories were prepared by an expert, attach his report or have that expert sign below.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: 4 - 7-09

By _____
Rolf Louis Patberg, Esquire
PA I.D. No. 65185

PATBERG, CARMODY & GING
Deutschtown Center
801 Vinial Street - Third Floor
Pittsburgh, PA 15212
(412) 232-3500

Attorney for Plaintiff.

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certifies that a true and correct copy of the foregoing

First Set of Interrogatories and Requests for Production of Documents Directed to Defendant was

forwarded this ___ day of April, 2009 via postage prepaid United States Mail to the following:


Vision Quest National, Ltd.
Attn: Heidi Brent
600 North Swan Road
Tucson, AZ 85711


Rolf Louis Patberg, Esquire

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

               Plaintiff,

                              No. 273 of 2009

    v.

VISIONQUEST NATIONAL, LTD.,

               Defendant.

## **NOTICE OF PRESENTATION**

Please take notice that the within Motion For Protective Order To Prohibit Pre-Complaint

Discovery will be presented on May 27, 2009.


                                           _Erin J. McLaughlin_
                                      Erin J. McLaughlin

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOSEPH VANCE,

                Plaintiff,

                              NO. 273 of 2009

      v.

VISIONQUEST NATIONAL, LTD.,

                Defendant.

## **ORDER OF COURT**

      AND NOW, this ___ day of _____, 2009, upon consideration of the Defendant's

Motion For Protective Order to Prohibit Plaintiff's Pre-Complaint Discovery, it is hereby

ORDERED, ADJUDGED AND DECREED that said Motion is GRANTED and Plaintiff's First

Set of Interrogatories and Requests for Production of Documents is quashed.

                                          _____

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Notice of Presentation, Motion For Protective Order Prohibiting Pre-Complaint Discovery, and Proposed Order of Court have been served this 24 day of April, 2009, by United States mail, first class, postage prepaid, to the following counsel of record:

Rolf Louis Patberg
Deutschtown Center
801 Vinial Street - Third Floor
Pittsburgh, PA  15212

Erin J. McLaughlin