IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH VANCE, | ) | NO.: 09-284 |
| | ) | |
| Plaintiff, | ) | JUDGE SEAN J. MCLAUGHLIN |
| | ) | |
| v. | ) | |
| | ) | |
| VISIONQUEST NATIONAL, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, by and through his attorneys, Rolf Louis Patberg, Esquire, and the law firm of Patberg, Carmody & Ging, and files the foregoing Amended Complaint in Civil Action pursuant to Federal Rule of Civil Procedure 15, and in support thereof avers as follows:

1. Plaintiff Joseph Vance ("Vance") is an adult individual currently residing at 1314 Romer Boulevard, Farrell, Mercer County, PA 16121.

2. Defendant VisionQuest National, Ltd., a/k/a VisionQuest ("VisionQuest") is a corporation trading and doing business at 352 Marhsallton-Thorndal Road, Downingtown, Chester County, PA 19335. VisionQuest operates a juvenile detention facility in Venango County, Pennsylvania, including the place of employ of Vance.

## STATEMENT OF JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1301, 28 U.S.C. §1337 and 29 U.S.C. §626(c) as this matter involves questions of interpretation of Federal Statutes. Jurisdiction is also proper under principals of pendant and ancillary jurisdiction.

4. Venue is proper in the current action, as the principal events and occurrence as described in the herein Complaint occurred in the Western District of Pennsylvania, within the jurisdiction fo the United States District Court for the Western District of Pennsylvania.

## II. FACTUAL AVERMENTS

5. Joseph Vance was born on February 8, 1953.

6. On or about November 17, 2003, the Plaintiff, Joseph Vance, was hired by the Defendant as a teacher in their Venango County facility. Vance was terminated on November 5, 2008 and was subject to age discrimination and ageist harassment from 2005 onward until his date of termination by the management personnel at VisionQuest. Furthermore, the upper level management at VisionQuest was fully aware of such discrimination, as said management personnel were on notice and participated in the same including, but not limited to, Paula Harper and Kenn Capper. The management personnel at VisionQuest took no corrective action to curtail such harassment or correct the ageist conduct and, in fact, at times, participated in the same.

7. On February 10, 2005, Kenn Capper forwarded a certain interoffice company envelope referencing the Plaintiff as "Joe 'That 70's Guy' Vance." Exhibit 1. From 2005, Capper and upper level managers of the Defendant manifested their ageist intent through a course of conduct ultimately leading up to and causing the Plaintiff's termination.

2

8. In August 2005, Joseph Vance was promoted to the position of Vice Principal at VisionQuest.

9. On or about June 2, 2006, Kenn Capper forwarded an e-mail to co-VisionQuest employees, Bay Lawrence and Arthur Holloway, making ageist comments towards Joe Vance and as a manifestation of the discriminatory intent of the upper level management employed by the Defendant.

10. During the course of Vance's employment, VisionQuest was continuously understaffed and "out of ratio." Employees of VisionQuest were aware of the issues regarding staffing, particularly staffing ratios, i.e. the mathematical ratio of the number of juveniles per staff member. The minimal ratios as set forth in the Pennsylvania Code and enforced by the Pennsylvania Department of Welfare.

11. VisionQuest is nearly 100% funded through government agencies such as the Department of Public Welfare.

12. VisionQuest's management was fully aware that it was "out of ratio" and failed to hire and/or retain sufficient staff to remain "in ratio." Chris Perkins, a VisionQuest employee, issued the following statement on February 9, 2007:

> "Finally, as part of this test I want to stress the need for a collective sense of responsibility in covering current holes in our schedule. Our direct-care staff are putting in brutal hours right now. We have the Matt Mcnany's, Chris Tarr's, and Audrey Beach's putting in 2/3 doubles in a row. I respectfully ask that anyone on this thread who can give 2 hours, or 4 hours, or 8 hours, contact Bob Beach immediately. Your support will help us as we look to hire new staff." <u>Exhibit 2</u>.

13. Also, On February 9, 2007, Kenn Capper sent an e-mail to Chris Perkins, cc'd to Joe Vance, Gregory Mello, Paula Harper, Pam Van Ness, and Paula Mehler referencing Vance's "dark nights and his past life in the 70's." Exhibit 2.

14. On or about April 19, 2007, Kenn Capper forwarded an e-mail to co-VisionQuest employees, Chris Perkins, Joe Vance, Gregory Mello and Mark Bowman referencing "what looks like Joe's ass covering up the screen" and continued derogatory ageist remarks regarding Plaintiff Joseph Vance until the time of Vance's termination on November 5, 2008 and as a manifestation of the discriminatory intent of the upper level management employed by the Defendant.

15. In May 2007, Plaintiff Joseph Vance extensively discussed staff ratios, supervisor performance, communication, and compliance with the Department of Public Welfare regulations with Paula Harper, an upper level management employee at VisionQuest. No corrective action was taken by Defendant VisionQuest.

16. On or about May 2, 2007, Kenn Capper circulated an e-mail to fellow employee, Mark Bowman and Plaintiff Joe Vance referencing the Plaintiff as "Joefoodapottamus."

17. On or about May 2, 2007, Kenn Capper forwarded an e-mail to Gay Carson, another VisionQuest employee, Plaintiff Joe Vance, and Paula Harper, and as a manifestation of the discriminatory intent of the upper level management employed by the Defendant, which stated as follows:

> "Thanks . . . Joe keeps giving me bum scoop, in this case who the therapist was-*as he gets old, much old, I think his brain is losing it's capacity to recall important info*, so I'll work with him on some mind-building exercises." Exhibit 3. (Emphasis added).

4

18.     Also, on May 9, 2007, Kenn Capper forwarded an e-mail to Mark Bowman, cc'd to Joe Vance and Gregory Mello, referring to the Plaintiff as "blowing someone up the chain" for the "leadership bracelet."

19.     On or about May 16, 2007, Kenn Capper forwarded the following e-mail to Joe Vance, which stated as follows and as a manifestation of the discriminatory intent of the upper level management employed by the Defendant:

> "Joe, I thought I'd see it all, but no, you always find new ways to raise the bar of decadence... having your half-naked photo floating around to the female staff on camp along with your curly hair, headband and all... The only thing you're missing is the damn knee-high aerobics socks and thong. . you really do need some professional help in dealing with your apparent esteem problem with ***how you look now that you're a senior citizen***, to the point where you've reduced yourself to digging up old photos of how you used to be. It's a sad commentary on our times that you can't be proud of how you look now-hell, Rosie O'Donnell is proud of being big, along with Kirstie Alley... look at Magic Johnson and Barry Bonds, who also suffer from being bloated-there's no shame Joe in not being able to see your toes, as long as you can just keep reliving the good old days. I would await your reply, but because you still don't know how to do that I'll just wait until I see you next." (Emphasis added.) Exhibit 4.

20.     Throughout his career at VisionQuest, Joseph Vance received multiple performance reviews. In his evaluations, Mr. Vance was repeatedly determined to be competent. At all times relevant to this case, Vance was a hard working, enthusiastic and competent employee.

21.     On or about February 26, 2008, Kenn Capper forwarded an e-mail to Joe Vance stating, "who cares how old you are, live life to the fullest" with a cartoon depiction of older naked individuals on a motorcycle. Exhibit 5.

22. On or about July 15, 2008, Kenn Capper forwarded an e-mail to Paula Harper, Chris Perkins and Joe Vance stating ageist derogatory comments regarding Vance. Said e-mail was a manifestation of Capper and the Defendant's ageist discriminatory intent.

23. On or about October 1, 2008, Joseph Vance received an employment citation because a certain youth was unaccountable on September 28, 2008. The principal reason that Vance was cited was due to the previously complained of understaffing. Vance continued to alert upper level management of severe staffing shortages.

24. On or about October 6, 2008, Vance was again cited for missing a series of entries in the "chief's log" over a period of September 1, 2008 through October 1, 2008. Once again, simply stated, Vance had insufficient staffing which resulted in unfinished chief log entries. Vance repeatedly informed upper level management of these deficiencies.

25. On or about October 7, 2008, Vance indicated that he disagreed with the reprimand and noted that it was very difficult to complete all of the chief's duties when he was also on coverage everyday for every shift due to a lack of line staff. A true and copy of the written complaint regarding the line staff is attached hereto as Exhibit 6.

26. In addition, on October 7, 2008, Vance also specifically complained and reported that he was the chief on duty and was out of ratio from 2:00 p.m. to 10:00 p.m. and was in a 15 to 1 ratio while still administering the camp. The 15 to 1 ratio clearly violated the applicable Pennsylvania Department of Welfare regulations. Due to being out of ratio, Vance immediately called Greg Mello, Chief Administrator of the Defendant.

27. On November 4, 2008, Vance again noted that he was always on coverage in the unit and disagreed with his supervisor's statement.

28. On an unknown date, continuing with the ageist harassment and as a manifestation of Capper's discriminatory intent, Kenneth Capper forwarded the following correspondence to Vance:

> "Joe - this photo was taken on my retirement date, 8 years ago on Memorial Day. You'll note how I haven't changed at all, unlike yourself with the bloated, supplement-induced condition that you've morphed into over the years.
>
> ***While you were worried about chasing a fountain of youth the last few decades*** as an adonis looking in mirrors all the time while waiting for an opening in "that 70's show," folks like Moss and I were simply busy being Marines. We trained for and went to combat, became <u>real</u> drill instructors, conducted P.T. sessions as a lifestyle that made us legends, and it allowed us to still become the P.T. studs that we are to this day.
>
> ***Its sad to see a senior citizen such as yourself chasing times that have passed you by a long time ago, and with all due respect, you're right*** . . . I wear x-large shirts and sweatshirts because I'm not as LARGE as you; XXL just has too much material covering my fit waist, whereas you probably need an XXXL just to get if over your non-cardio, bloated fat-ridden beer gut which is about ready to burst the friggin zipper on your winter coat.
>
> Contact UPMC - they have a Valentine's Day special for gastric by-pass surgery . . . it's a start!
>
> Semper Fit,
> Cap." <u>Exhibit 7</u>. (Emphasis added.)

29. From his date of employment until date of termination, Joseph Vance was continuously harassed due to his age and was eventually terminated on November 5, 2008.

30. Vance's age of fifty-five (55) and/or his continual reports to his superiors that the facility was "out of ratio" and understaffed were the direct and proximate cause of Vance's termination by Defendant VisionQuest.

7

31.     Vance has exhausted the administrative requirements for the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA") in the filing and cross-filing of administrative charges with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC").

## COUNT I

### *Violation of the Age Discrimination and Employment Act*

32.     Plaintiff incorporates paragraphs 1 through 31 of the herein Complaint as if set forth here at length.

33.     Plaintiff Joseph Vance was born on February 8, 1953.

34.     The Defendant VisionQuest is an industry effecting commerce within the meaning of 29 U.S.C. §630(b), as it operates juvenile detention facilities throughout the United States, including within the Western District of Pennsylvania and Venango County.

35.     At all times relevant to the herein action, Plaintiff Joseph Vance was an employee of Defendant VisionQuest and was age fifty-five (55) at the time of his termination on November 5, 2008.

36.     At all times relevant to the herein Complaint, Plaintiff Vance was within a protected age class as established by the Age Discrimination Employment Act of 1967.

37.     Joseph Vance enjoyed a good performance record on the job and was well qualified and competent to perform his employment duties.

38.     Despite the Plaintiff Joseph Vance's good work record, good work performance and years of service as a loyal employee, Plaintiff Joseph Vance was terminated from his employment

by Defendant VisionQuest without any legitimate business reason. Vance's age was a substantial factor in the decision to terminate Vance.

39. At the time of Plaintiff Joseph Vance's termination, Defendant VisionQuest retained other younger workers who had less experience, less seniority and who were less qualified than the Plaintiff.

40. Furthermore, Defendant VisionQuest advertised for and hired and/or promoted younger workers into his position who were less experienced and who were less qualified than Plaintiff Joseph Vance.

41. Defendant VisionQuest refuses to and continues to refuse to rehire the Plaintiff Joseph Vance.

42. The Plaintiff Joseph Vance's termination was a direct result of Defendant's preplanned and intentional termination of older employees, in violation of the ADEA. In addition, the reprimands and harassment by management was a direct result of and motivated by Vance's age.

43. The age of Joseph Vance was a substantial factor in his termination as prohibited by the ADEA. Furthermore, in the months leading up to his termination, representatives of Defendant VisionQuest, with the purpose of motivating Joseph Vance to resign or retire and as a manifestation of the discriminatory intent of the upper level management employed by the Defendant, continuously and constantly harassed Plaintiff Joseph Vance due to his age in attempts to forcing his to quit, thereby creating a hostile atmosphere for older employees. This included, but was not limited to, the aforementioned ageist comments, forcing Vance to work excessive hours and derogatory treatment on a continuous basis by Defendant's management.

44. As a direct, proximate and legal result of the aforementioned violation of the Age Discrimination and Employment Act, Plaintiff Joseph Vance requests the following damages:

    a. All relief permitted under the ADEA;

    b. Back pay;

    c. Front pay;

    d. Retirement and health benefits;

    e. Reinstatement;

    f. Liquidated damages;

    g. A make whole order;

    h. Attorneys' fees and Court costs;

    i. Interest; and

    j. Such other legal relief as may be necessary to effectuate the purposes of the ADEA.

45. As aforementioned, Plaintiff Joseph Vance specifically requests liquidated damages as an additional amount equaling the amount of back pay liability, as said termination was willful, as Defendant VisionQuest, by and through its employees, knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the Defendant with prejudice.

## **COUNT II**

### *Violation of the Pennsylvania Whistleblower Law*

46. Plaintiff incorporates paragraphs 1 through 45 of the herein Complaint as if set forth here at length.

47. Plaintiff Joseph Vance is a "employee," as contemplated by 43 P.S. §1422, known as the Whistleblower Law. The Defendant is an "employer," as contemplated by 43 P.S. §1422.

48. Plaintiff Joseph Vance made a "good faith report" without malice or consideration of personal benefit for which he had reasonable cause to believe was true.

49. The Defendant is a "public body" as it is funded by and through the Commonwealth and/or a political subdivision thereof.

50. As discussed herein, the Defendant engaged in "waste" as its conduct in omissions of staffing resulted in substantial abuse, misuse, destruction or loss of funds and/or resources belonging to or derived from the Commonwealth of Pennsylvania or a political subdivision thereof.

51. Joseph Vance is a "whistleblower," as contemplated by 42 P.S. §1422, as he is a person of witness and/or had evidence of wrongdoing and/or waste while employed by the Defendant and made a good faith report of the wrongdoing and/or waste, both verbally and in writing, to his superiors and/or to an agents of the Defendant and/or the Pennsylvania Department of Welfare.

52. The Defendant participated in "wrongdoing," as contemplated by 43 P.S. §1422, as it conducted itself in violation of a Commonwealth of Pennsylvania state regulation as set forth below.

53. As such, based upon the above, Plaintiff Joseph Vance is entitled to protection under Section 1423 of Title 43(a). As discussed herein, the Defendant VisionQuest violated the

Whistleblower Law in discharging Joseph Vance after Vance made good faith reports to his employer and/or was about to report the employer or appropriate authority of the instances or wrongdoing or waste identified herein.

54. Furthermore, Vance was subjected to discrimination under 43 P.S. §1423(b) in his terms, condition, and privileges of employment through harassment and complaints concerning the staffing issues.

55. Attached hereto are the VisionQuest Academy schedules from October 11, 2008 through November 7, 2008. Exhibit 8

56. As indicated above, Defendant VisionQuest failed to adequately staff the subject facility, thereby leaving the subject facility "out of ratio" in violation of the Pennsylvania Department of Public Welfare staff ratio requirements.

57. Particularly, VisionQuest was "out of ratio" and intentionally scheduled out of ratio for the following dates, shifts and living units:

| Date | Shift | Living Unit Number |
|---|---|---|
| 10/11/2008 | 0600-1400 | Four |
| 10/11/2008 | 1400-2200 | Four |
| 10/11/2008 | 0600-1400 | Five |
| 10/12/2008 | 1400-2200 | Three |
| 10/12/2008 | 0600-1400 | Four |
| 10/12/2008 | 0600-1400 | Five |
| 10/12/2008 | 1400-2200 | Five |
| 10/13/2008 | 0600-1400 | Three |
| 10/13/2008 | 1400-2200 | Three |

| Date | Shift | Living Unit Number |
|---|---|---|
| 10/13/2008 | 0600-1400 | Five |
| 10/14/2008 | 1400-2200 | Three |
| 10/17/2008 | 0600-1400 | Four |
| 10/17/2008 | 1400-2200 | Four |
| 10/17/2008 | 1400-2200 | Five |
| 10/18/2008 | 0600-1400 | Two |
| 10/18/2008 | 0600-1400 | Three |
| 10/18/2008 | 0600-1400 | Four |
| 10/18/2008 | 1400-2200 | Four |
| 10/18/2008 | 1400-2200 | Five |
| 10/19/2008 | 1400-2200 | Three |
| 10/19/2008 | 0600-1400 | Five |
| 10/20/2008 | 0600-1400 | Four |
| 10/20/2008 | 0600-1400 | Five |
| 10/21/2008 | 1400-2200 | Three |
| 10/24/2008 | 0600-1400 | Five |
| 10/26/2008 | 1400-2200 | Three |
| 10/27/2008 | 1400-2200 | One |
| 10/27/2008 | 0600-1400 | Two |
| 10/31/2008 | 1400-2200 | Three |
| 10/31/2008 | 0600-1400 | Four |
| 10/31/2008 | 0600-1400 | Five |
| 11/01/2008 | 1400-2200 | One |
| 11/02/2008 | 1400-2200 | One |
| 11/02/2008 | 1400-2200 | Three |

| Date | Shift | Living Unit Number |
|---|---|---|
| 11/03/2008 | 0600-1400 | One |
| 11/03/2008 | 1400-2200 | One |
| 11/03/2008 | 0600-1400 | Two |
| 11/03/2008 | 1400-2200 | Two |
| 11/04/2008 | 1400-2200 | One |
| 11/05/2008 | 0600-1400 | One |
| 11/07/2008 | 1400-2200 | Three |
| 11/07/2008 | 1400-2200 | Four |
| 11/07/2008 | 0600-1400 | Five |

58.     The Defendant was in violation of 55 Pa. Code §3800.274 regarding the ratio between childcare workers in facilities of a six (6) to one (1) basis. Pursuant to 3800.274(5), there is to be one (1) childcare worker present with the children for every six (6) children during waking hours. Pursuant to §3800.274(6), there is to be one (1) childcare worker present with the children for every twelve (12) children during sleeping hours. Defendant VisionQuest continuously violated §3800.274 and Joseph Vance complained of the same on multiple occasions, including the written complaint set forth above.

59.     In addition, Defendant VisionQuest violated 55 Pa. Code §3800.55 (Childcare Worker Ratios) on nearly a daily basis. Vance complained to the Defendant or representatives of the Defendant nearly everyday concerning the lack of appropriate ratioing.

60.     In addition to staffing ratios, Vance, from time to time, also raised issues concerning other violations of Title 55 of the Pa. Code.

61. As a direct and proximate result, in violation of the Pennsylvania Whistleblower Law, the Plaintiff seeks the following damages:

   a. Compensatory damages;

   b. The loss of past wages; and

   c. The loss of future wages.

62. In addition, pursuant to 43 P.S. §1425, Plaintiff seeks the following relief:

   a. Reinstatement of the employ;

   b. Payment of back wages;

   c. Full reinstatement of fringe benefits and security rights; and

   d. Actual damages.

63. Furthermore, pursuant to 43 P.S. §1425, Plaintiff Joseph Vance requests payment of reasonable attorneys' fees, witness fees and costs of litigation.

64. Furthermore, Defendant employer violated 43 P.S. §1428 in that it failed to post notices and/or use other appropriate means to notify employees and keep them informed of protections and obligations under the Whistleblower Law.

65. As the Defendant's conduct was willful, wanton and outrageous, Plaintiff respectfully requests the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the Defendant with prejudice.

## COUNT III

### *Violation of the Pennsylvania Human Relations Act*

66. Plaintiff incorporates paragraphs 1 through 65 of the herein Complaint as if set forth here at length.

67. On or about November 24, 2009, the Pennsylvania Human Relations Commission issued a right to sue letter.

68. The conduct of the Defendant as set forth in Count I constitutes a violation of the Pennsylvania Human Relations Act.

69. Therefore based upon the Pennsylvania Human Relations Act, Plaintiff Joseph Vance seeks the following relief:

    a. Reinstatement of the employ;

    b. Payment of back wages;

    c. Full reinstatement of fringe benefits and security rights; and

    d. Actual damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the Defendant with prejudice.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: December 14, 2009    By: /s/ Rolf Louis Patberg, Esquire
    Rolf Louis Patberg, Esquire
    PA I.D. No.: 65185

    Patberg, Carmody & Ging
    Deutschtown Center
    801 Vinial Street - Third Floor
    Pittsburgh, PA 15212
    (412) 232-3500

    Attorney for Plaintiff.

**JURY TRIAL DEMANDED**